UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MELINDA RAE ROTHENBERGER, | ) | CASE NO. 26-51669-sms |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT FOR TURNOVER OF PROPERTY**

COMES NOW S. Gregory Hays, Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Melinda Rae Rothenberger ("Debtor"), by and through undersigned counsel, and files this *Complaint for Turnover of Property* (the "Complaint"), respectfully showing as follows:

**Jurisdiction and Venue**

1.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.	This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F), and Trustee consents to entry of final orders or judgments by this Court.

3.	Defendant JPMorgan Chase Bank ("Chase") is subject to the jurisdiction of this Court and may be served through (i) its registered agent, CT Corporation System, 289 S. Culver

Street, Lawrenceville, GA 30046-4805, and (ii) its CFO, Jeremy Barnum, 1111 Polaris Parkway, Columbus, OH 43240.

4.      Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises under the Chapter 7 bankruptcy case of Melinda Rae Rothenberger pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 26-51669-sms.

## Background

5.      On February 6, 2026 (the "Petition Date"), Debtor filed her voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code").

6.      Trustee was appointed as the interim Chapter 7 trustee in this case.

7.      The meeting of creditors was concluded on March 10, 2026. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

8.      At the commencement of the Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (together, the "Bankruptcy Estate") that includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a)(1) and (7).  Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

9.      On October 30, 2025, Pinnacle Business Funding, LLC ("Pinnacle") obtained a Judgment against Southpoint Financial Services, Inc. and Debtor in the Supreme Court of the State of New York, County of Kings, Index Number 531946/2025 (the "Judgment").

10. In response to an Information Subpoena and Restraining Notice from Pinnacle, on November 3, 2025, Chase informed Pinnacle that the balance in account ending in 1607 jointly held by Debtor and her husband, Joseph Rothenberger (the "Account"), was $68,788.68.

11. On November 13, 2025, Pinnacle filed a Petition against Chase in the Supreme Court of the State of New York, County of Nassau, Index Number 624649/2025 (the "Petition"), seeking to compel Chase to pay to Pinnacle the funds in the Account.

12. On November 24, 2025, the Petition was served on Chase.

13. On December 10, 2025, Chase placed a hold on the Account, resulting in the freezing of funds totaling $65,000.00.

14. On December 29, 2025, the Supreme Court of Nassau County denied the Petition on account of a failure of proper service.

15. The funds in the Account are property of the Bankruptcy Estate.

**Count I**
**Turnover of Property of the Estate**

16. Trustee incorporates the allegations of Paragraphs 1 through 15 of the Complaint as though set forth fully herein.

17. Pursuant to 11 U.S.C. 542(a), "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that debtor may exempt, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

18. Chase is not a custodian as defined by 11 U.S.C. § 101(11).

19. The funds in the Account are not of inconsequential value or benefit to the Bankruptcy Estate.

20.     Accordingly, Chase must deliver all funds in the Account to Trustee or account for the funds or their value.

WHEREFORE, Trustee prays that this Court enter an Order and judgment in favor of Trustee compelling Chase to deliver to Trustee the funds in the Account or account for the funds or their value, and granting such other relief as is just and proper.

Dated: April 27, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Counsel for Trustee*

By:   */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373
(404) 262-9911 (facsimile)