UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| MELINDA RAE ROTHENBERGER, | CASE NO. 26-51669 - SMS |
| DEBTOR. | |

**MOTION FOR EXTENSION OF TIME TO FILE
A MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707
AND AN OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727.**

Guy A. Van Baalen, Acting United States Trustee for Region 21 (the "United States Trustee"), pursuant to Federal Rules of Bankruptcy Procedure 1017(e) and 4004(b), respectfully moves the Court to enter an order extending the deadlines for filing a motion to dismiss pursuant to section 707 of the Bankruptcy Code and for filing a complaint objecting to Debtor's discharge pursuant to section 727 of the Bankruptcy Code. In support therefor, the United States Trustee shows the Court as follows:

1.      Melinda Rae Rothenberger ("Debtor") commenced this case February 6, 2026, by filing, a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.

2.      The United States Trustee appointed S. Gregory Hays as the chapter 7 trustee in this case, and he continues to serve in that capacity.

3.      The United States Trustee is reviewing this case under Bankruptcy Code sections 707(b) and 727.

4.      Debtor is an individual and her petition indicates her debts are primarily consumer debts.

5.      In addition to her petition, Debtor filed schedules of her assets, debts, income and expenses, and a statement of financial affairs.

6.      On March 17, 2026, the United States Trustee sent Debtor an inquiry letter, via

email and First-Class Mail, requesting that Debtor provide, by March 31, 2026:

- A brief statement, from Debtor, of the facts and circumstances that led Debtor to file bankruptcy.
- Copies of Debtor's 2024 and 2025 federal and state income tax returns with all schedules, statements, attachments, etc. If Debtor's 2025 tax returns have not yet been filed, please provide federal and state tax returns for 2023 instead.
    - o If Debtor does not file jointly with her spouse, please also provide 2024 and 2025 tax returns for Debtor's spouse (or 2023 & 2024 returns if 2025 returns have not been filed)
- Copies of all Debtor's payment advices for all jobs, with pay dates August 1, 2025, through the date of production.
    - o Debtor notes in her Statement re: Pay Stubs, Dkt. 14, that she does not receive a salary or hourly wages. To the extent Debtor does not have formal pay advices for this period, please provide commission statements or other documents capturing Debtor's commission income.
- Copies of all Debtor's nonfiling spouse's payment advices for all jobs, with pay dates August 1, 2025, through the date of production.
- Copies of statements for Debtor's accounts (personal, business, checking, savings, money market, etc.), and accounts for other individuals or entities in which the Debtor has an interest or signing authority, for the period August 1, 2025, through the date of production, including an explanation for all deposits which are not self-explanatory (i.e. payroll direct deposit).
- Copies of statements for accounts (personal, business, checking, savings, money market, etc.) for Debtor's non-filing spouse, and accounts for other individuals or entities in which the Debtor's non-filing spouse has an interest or signing authority, for the period August 1, 2025, through the date of production, including an explanation for all deposits which are not self-explanatory (i.e. payroll direct deposit).
- Information about Debtor's granddaughter's inclusion in Debtor's household:
    - o Does the granddaughter live with Debtor full-time? If not, provide an estimate of how many days per month granddaughter lives in Debtor's home.
    - o Besides Debtor and her spouse, does any other individual (for instance, the granddaughter's biological mother or father) contribute to expenses for the support and welfare of the granddaughter? If so, how much?
    - Debtor does not appear to have filed her Chapter 7 Statement of Intention, Official Form 108. This was due March 9. See the deficiency notice docketed as item no. 4. Please file this form.
- To the extent Debtor intends to retain her residence on Old Lathemtown Road in Canton, an explanation for the reasonableness and necessity of retaining a 6-bed 5-bath property with monthly expenses totaling more than $12,000 (see Schedule J, sum of lines 4, 5, and 6) for a household of 3. For reference, the IRS housing standard for a family of 3 in Cherokee County is $2476/month.

- The most recent mortgage statements (for first mortgage and second mortgage) for Debtor's residence on Old Lathemtown Road in Canton. See Means Test Calculation, Form 122A-2 at line 9.
- Explanation for why Debtor's interest in property at 62 Bear Cub Ridge in Big Canoe is valued at $0.00 in Schedule A/B.
- Identification of what property secures the personal guarantee owed to John H. Murphy Jr. (See Schedule D, line 2.1), and the basis for Mr. Murphy's claim (i.e., why/how did Debtor incur this debt, and what were the funds used for?).
- Identification of what property secures the personal guarantee owed to Pearl Capital (See Schedule D, line 2.2), and the basis for Pearl Capital's claim (i.e., why/how did Debtor incur this debt, and what were the funds used for?).
- Identification of what property secures the personal guarantee owed to Pinnacle Business Funding. (See Schedule D, line 2.3), and the basis for Pinnacle's claim (i.e., why/how did Debtor incur this debt, and what were the funds used for?).
- Rough breakdown of the $9,200/month claimed as nonfiling spouse expense deductions in the means test calculation (See Form 122A-2, line 3). This breakdown can be broad and split into major categories—housing, food, healthcare, vehicle, entertainment, debt payments, etc. I just need a rough understanding of the basis for this deduction.
- Explanation of the reasonableness and necessity of spending $2,100 per month on childcare and children's education costs (see Schedule J, line 7), including any unusual circumstances (special educational needs?) that justify this elevated expense, as well supporting documentation showing the amount of the expenditures.
- Explanation of the reasonableness and necessity of spending $1,355 per month on personal care products and services (see Schedule J, line 10), including any unusual circumstances that justify this elevated expense, as well supporting documentation showing the amount of the expenditures.
- Supporting documentation of the $1,355 per month in medical prescriptions (see Schedule J line 21).
  - Also, is this expense duplicative of the expense at line 10? The amounts are exactly the same.
- To the extent Debtor/Debtor's household intends to retain these, an explanation for the reasonableness and necessity of retaining two cars with monthly payments in the total amount of $3,579/month (see Schedule J, line 17). For reference, the IRS car ownership standard for two vehicles is $1,324 per month.
- Information about what percentage of Southpoint Financial Services, Inc. Debtor owns, and the identities and ownership interests of any other entities or persons that might have an interest in this entity. (See Statement of Financial Affairs, line 19).

7. Debtor began producing documents to the United States Trustee on April 24, 2026 and completed her production on April 30, 2026.

8. The United States Trustee needs more time to review the documents produced by Debtor, and cannot conclude his investigation at this time.

9.      Debtor has consented to entry of an order extending the deadlines by 60 days. The United States Trustee will submit a proposed consent order to Debtor for signature and anticipates uploading a proposed consent order to chambers.

10.     The date first set by the Chapter 7 Trustee for the section 341 meeting of creditors was March 9, 2026. Accordingly, this motion for extension of deadlines is filed timely under Rules 1017(e) and 4004(b). *See* FED. R. BANKR. P. 9006(a)(1) (providing that deadlines that fall on weekends or legal holidays roll over to the next business day).

11.     The Court has not previously granted the United States Trustee an extension of time in which to file a motion under section 707 or a complaint under section 727 in this case.

12.     The United States Trustee requests the deadlines for filing a motion under section 707 and for filing a complaint under section 727 be extended so that the United States Trustee may complete his review of this case. The United States Trustee further requests that in the event this case is converted to chapter 13 and later reconverted to chapter 7, the Court extend the deadline for filing a motion to dismiss pursuant to section 707(b) to a date that is 90 days after entry of the order reconverting the case to chapter 7.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order extending the United States Trustee's deadlines for filing a motion to dismiss pursuant to section 707 of the bankruptcy Code and for filing a complaint objecting to Debtor's discharge pursuant to section 727 of the Bankruptcy Code through and including Friday, July 10, 2026.

[*signature on following page*]

-5-

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

*/s/Adriano Omar Iqbal*
Adriano Omar Iqbal
Georgia Bar No. 217122
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4488
adriano.o.iqbal@usdoj.gov

-5-

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion for Extension of Time*, and the foregoing *Notice of Motion, Deadline to Object, and Hearing* on the same, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Jonathan D Clements**          jclements@rlkglaw.com

**S. Gregory Hays**             ghays@haysconsulting.net, saskue@haysconsulting.net;
                               GA32@ecfcbis.com

**Jeffrey M. Heller**           jeff@jeffhellerlaw.com, R55006@notify.bestcase.com;
                               bkparalegal@jeffhellerlaw.com

**G. Frank Nason**              fnason@lcenlaw.com, emiller@lcenlaw.com;
                               emiller_169@ecf.courtdrive.com; fnason@ecf.courtdrive.com

**William A. Rountree**         wrountree@rlkglaw.com, 6717577420@filings.docketbird.com;
                               wgeer@rlkglaw.com; 2836@notices.nextchapterbk.com;
                               willgeer@ecf.courtdrive.com; emillerrlkg@ecf.courtdrive.com;
                               dsideris@rlkglaw.com; cwilliams@rlkglaw.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid, on all parties listed below at the address shown for each.

Melinda Rae Rothenberger
1223 Old Lathemtown Road
Canton, GA 30115

                                        /s/Adriano Omar Iqbal
                                        Adriano Omar Iqbal
                                        Georgia Bar No. 217122
                                        United States Department of Justice
                                        Office of the United States Trustee
                                        362 Richard Russell Building
                                        75 Ted Turner Drive, SW
                                        Atlanta, Georgia 30303
                                        (404) 331-4488
                                        adriano.o.iqbal@usdoj.gov