UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| MELINDA RAE ROTHENBERGER, | ) | CASE NO. 26-51669-sms |
| Debtor | ) | |
| S. GREGORY HAYS. Chapter 7 Trustee, | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING NO. ____________________ |
| v. | ) | |
| JOSEPH BRAND ROTHENBERGER, | ) | |
| Defendant | ) | |

**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF TRANSFER, AND (2) AUTHORITY TO SELL ESTATE'S AND CO-OWNER'S INTEREST IN PROPERTY**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Melinda Rae Rothenberger ("Debtor"), by and through undersigned counsel, and files this *Complaint for (1) Avoidance and Recovery of Transfer, and (2) Authority to Sell Estate's and Co-Owner's Interest in Property* (the "Complaint"), respectfully showing as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O), and Trustee consents to entry of final orders or judgments by this Court.

3. Defendant Joseph Brand Rothenberger ("Defendant") is subject to the jurisdiction of this Court and may be served at his residence at 1223 Old Lathemtown Road, Canton, GA 30115.

4. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Melinda Rae Rothenberger pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 26-51669-sms.

**Appointment of Trustee**

5. On February 6, 2026 (the "Petition Date"), Debtor filed her voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code").

6. Trustee was appointed as the interim Chapter 7 trustee in this case.

7. The meeting of creditors was concluded on March 10, 2026. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

**Background**

8. On or about August 28, 2020, Debtor acquired an interest in property with the common address of 1223 Old Lathemtown Road, Canton, GA 30115 (the "Property") pursuant to a Limited Warranty Deed from Jason Hipps Homes, LLC, recorded on September 14, 2020, at Book 14527, Page 1575, Cherokee County Records.

9. On or about September 30, 2022, Debtor transferred the Property to Debtor and Defendant as joint tenants with the right of survivorship pursuant to a Quitclaim Deed recorded on October 4, 2022, at Book 14827, Page 2268, Cherokee County Records.

10. On or about December 2, 2022, Debtor executed a *Purchase and Sale Agreement* pursuant to which Debtor would acquire all stock in Southpoint Financial Services ("Southpoint") from John H. Murphy, Jr. ("Murphy") for the total purchase price of $3,500,000.00 (the "Purchase Price"). Debtor made an initial earnest money payment in the amount of $75,000.00 (the "Earnest Money").

11. In connection with the purchase, Debtor executed a Promissory Note (the "Note") in favor of Murphy for the balance of the Purchase Price remaining after application of the Earnest Money. Under the Note, Debtor was to pay $50,000.00 per month for each month of 2023, $78,500.00 for each month in 2024, and the first eleven months of 2025, and a final payment of $77,500.00 due for December of 2026.

12. On August 14, 2024, Murphy sent a *Notice of Default Under Financing Agreement Dated December 2, 2022; Demand for Immediate Payment and Notice of Intention to File Legal Action Thereon* to Debtor.

13. On August 7, 2025, Murphy sent a *Demand for Payment and Notice of Default Under Financing Agreement with Effective Date of January 1, 2023; Southpoint Financial Services, Inc.* to Debtor.

14. On September 5, 2025, Murphy filed a *Verified Complaint* against Debtor and others in the Superior Court of Cherokee County, Civil Action No. 25CVE1806.

15. On December 11, 2025, a *Quitclaim Deed* executed by Debtor purporting to transfer all of Debtor's interest in the Property to Defendant was recorded at Deed Book 15074, Page 520, Cherokee County Records (the "Transfer").

16. The PT-61 filed in connection with the Transfer indicates that no consideration was paid for the Transfer.

**Count I**
**(Avoidance and Recovery of Transfer)**

17. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 16 above as though fully set forth herein.

18. Pursuant to 11 U.S.C. 548(d)(1) the date of the Transfer is December 11, 2025.

19. The Transfer occurred within two (2) years of the Petition Date.

20. Debtor made the Transfer with the intent to hinder and delay creditors, including Murphy.

21. Debtor was insolvent at the time of the Transfer.

22. Defendant paid no consideration for the Transfer. Therefore, Debtor received less than reasonably equivalent value for the Transfer.

23. Trustee may avoid the Transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (a)(1)(B).

24. Defendant was the initial transferee of the Purported Transfer.

25. Pursuant to 11 U.S.C. § 550(a), Trustee may recover Debtor's interest in the Property or its value from Defendant.

26. 11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 548 is automatically preserved for the benefit of the bankruptcy estate.

27. Trustee is entitled to avoid the Transfer under 11 U.S.C. § 548(a), and the Transfer so avoided is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

**Count II**
**(Approval of Sale Pursuant to 11 U.S.C. § 363(h))**

28. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 27 above as though fully set forth herein.

29. At the commencement of this Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (the "Bankruptcy Estate") and includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

30. If the Transfer is avoided under 11 U.S.C. § 548(a) and recovered under 11 U.S.C. § 550(a), the interest in the Property acquired by the Bankruptcy Estate is property of the Bankruptcy Estate.

31. Partition in kind of the Property among the Bankruptcy Estate and Defendant is not practicable.

32. Sale of the Bankruptcy Estate's undivided interest in the Property would realize significantly less than sale of the Property free of the interests of Defendant.

33. The benefit to the Bankruptcy Estate of a sale of the Property free of the interests of Defendant outweighs any detriment to Defendant.

34. The Property is not used in the production, transmission, or distribution for sale of electric energy or natural or synthetic gas for heat, light, or power.

35. Trustee may sell the interests of the Bankruptcy Estate and Defendant in the Property pursuant to 11 U.S.C. § 363(h).

WHEREFORE, Trustee requests that this Court enter an order and judgment in favor of Trustee and against Defendant granting the following relief:

(i) avoiding the Transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or (a)(1)(B),

(ii) ordering the recovery of Debtor's interest in the Property or its value from Defendant as initial transferee, and

(iii) ordering that the avoided Transfer is preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551;

(iv) Granting Trustee authorization to market for sale the interests of the Bankruptcy Estate and Defendant in the Property;

(v) Authorizing Trustee to sell, subject to Bankruptcy Court approval, the interests of the Bankruptcy Estate and Defendant in the Property; and

(vi) Granting such other and further relief as this Court deems just and equitable, including casting all costs against Defendant.

Dated: July 17, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: *_/s/ G. Frank Nason, IV_*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373